## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 20-CR-145-RAW** |
| RACHEL JEAN STEVENS and | ) | |
| KAYLA ANN JONES, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the court are the motions of the defendants to dismiss.  Defendants were indicted by a federal grand jury on December 8, 2020 on Count One (child abuse in Indian Country) and Count Two (child neglect in Indian Country).

In the motion of defendant Stevens (#42) it is established that on January 12, 2016, defendant Stevens was charged in Muskogee County District Court with the same substantive offenses, i.e., 21 O.S. §843.5(A) and 21 O.S. §843.5(C) [#42-1].  On September 15, 2017, defendant Stevens pled "no contest" to the charges. [#42-3] and was sentenced to concurrent terms of twenty years [#42-4].  Pursuant to the terms of the plea agreement, a review was held on July 13, 2018 and defendant Stevens' sentence was modified by suspending the balance of her sentence and she was remanded to supervision by the probation office. [#42-5].  On December 11, 2020, the motion of the State to dismiss for lack of jurisdiction was granted. [#42-6].  The motion was evidently premised on *McGirt v. Oklahoma,* 140 S.Ct. 2452 (2020).

Defendant Stevens moves to dismiss on grounds of double jeopardy and violation of due process. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." The Clause "provides three protections. 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *United States v. Leal,* 921 F.3d 951, 959 (10th Cir.2019)(quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)).

Under the "dual-sovereignty" doctrine, however, "a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute . . . [o]r the reverse may happen." *Gamble v. United States,* 139 S.Ct. 1960, 1964 (2019). In *Gamble,* the Supreme Court reaffirmed the dual-sovereignty doctrine.

In turn, the Supreme Court has suggested, in *dictum*, that a possible exception to the dual-sovereignty doctrine is a "sham prosecution," where one sovereign is acting as "merely a tool" of the other to bring a second prosecution that is a "sham and cover" for a prosecution that is otherwise barred. *Barkus v. Illinois,* 359 U.S. 121, 123-24 (1959). Defendant faces a "substantial burden of proving one sovereign is so dominated by the actions of the other that the former is not acting of its own volition." *United States v. Trammell,* 133 F.3d 1343, 1350 (10th Cir1998). "The burden is not satisfied by showing that the same prosecutor represented both the state and the federal governments in their respective prosecutions." *Id.*

2

Defendant Stevens mentions this fact in her motion (#42 at 5-6)[#42-2] but has not expressly relied on the so-called "sham" exception.  In any event, the motion will not be granted on that basis.

One passage in *Barkus*, however, does bear directly on the argument defendant Stevens makes.  Referring to *Houston v. Moore,* 18 U.S. 1 (1820), the *Barkus* court stated that the earlier case "can be cited only for the presence of a bar in a case in which the second trial is for a violation of the very statute whose violation by the same conduct has already been tried in the courts of another government empowered to try that question."  359 U.S. at 130 (footnotes omitted).[1]

Although not citing this passage, defendant Stevens argues that this is precisely the situation here.  Defendant was charged in state court with violations of the very same Oklahoma statutes that are cited in the indictment in this court.  In *Gamble,* the Supreme Court interpreted this passage as follows: "[*Houston v. Moore]* taught only that the law prohibits two sovereigns (in that case Pennsylvania and the United States) from both trying an offense against one of them (the United States).  That is consistent with our doctrine allowing successive prosecutions for offenses against *separate* sovereigns.  In light of this

---

[1]"In *Houston,* the Court reviewed the constitutionality of a Pennsylvania statute that derivatively enforced a federal statute by providing sanctions for members of the state militia who failed to answer the President's call to service.  The court stated, in *dictum*, that if the federal and state military tribunals exercised concurrent jurisdiction, the former prosecution might be pleaded in bar of the other." *United States v. Angleton,* 314 F.3d 767, 775 (5th Cir.2002).

reading of *Houston,* the case does not undercut our dual-sovereignty doctrine." 139 S.Ct. at

1977 (emphasis in original).[2]

Therefore, in the case at bar this court must answer whether the present prosecution

represents one sovereign (the United States) trying an offense committed against another

sovereign, the State of Oklahoma, as demonstrated by the centrality of an Oklahoma statute.

Defendant has presented a colorable argument, but the court declines to grant the motion.

Under the regime established for alleged offenses in Indian country, a defendant may be

charged with a *federal offense*, although such offense is "defined and punished" in

accordance with state law. *See* 18 U.S.C. §1153(b). This appears to be sufficient, under

existing precedent, to characterize the situation as a sovereign derivatively enforcing the

statute of another sovereign in a successive prosecution. Such a prosecution appears to

survive a double jeopardy challenge. *See also Angleton,* 314 F.3d at 775 n.17.

Defendant Stevens also mentions the government's "*Petite* policy," (#42 at 6), which

provides that after a state trial a subsequent federal trial for the same conduct should not

occur absent compelling reasons and prior approval by the Justice Department. *United States

v. Morales,* 682 Fed.Appx. 690, 693 (10th Cir.2017). The Tenth Circuit holds, however, that

a defendant is not entitled to dismissal of an indictment even if the government does not

---

[2]*See also United States v. Denezpi,* 979 F.3d 777, 781 (10th Cir.2020).

comply with its *Petite* policy.  *Id.*  Accordingly, the motion will not be granted on that basis either.[3]

Defendant Jones has adopted the motion of defendant Stevens and made the same request for dismissal.  For the reasons stated above, this motion is denied as well.

It is the order of the court that the motions of the defendants to dismiss (##42 & 45) are hereby denied.

**ORDERED THIS 12th  DAY OF APRIL, 2021.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[3]The government also asserts that double jeopardy does not apply in any event because the initial conviction was ultimately dismissed for lack of jurisdiction and is therefore "null and void." (#43 at 8).  This seems counterintuitive – defendant has been convicted, sentenced, and served time in incarceration pursuant to that sentence – but may nevertheless be correct.  *See United States v. Kepler,* 2021 WL 66654, *2 (N.D.Okla.2021).  The fact that dismissal was at the government's request rather than based on defendant's motion or appeal may also be a distinguishing feature against the government's contention.